UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIV VIG (A-Number: 246-359-586),<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-1252-DAD-JDP<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Shiv Vig entered the United States in 2022 and was detained by ICE in 2026. Petitioner, proceeding with counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Immigration and Nationality Act.  The court issued injunctive relief, ordering petitioner to be afforded a bond hearing.  Petitioner was provided that hearing, at which he was denied bond.  Petitioner now moves to amend his petition. Respondents oppose, arguing that petitioner has failed to exhaust his administrative remedies. For the following reasons, I recommend that petitioner's motion to amend be denied and that the petition be dismissed without prejudice.

**Background**

Petitioner entered the United States in 2022 without inspection, admission, or parole. ECF No. 15-2 at 10.  There is no allegation or evidence that, prior to his present detention, petitioner had any contact with immigration officials.  In January 2026, petitioner was detained

1

by ICE in California.  *Id*. at 9.

**Procedural History**

On February 12, 2026, petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order.  ECF Nos. 1 & 6.  On February 17, 2026, respondents filed a combined response to those two filings.  ECF No. 9.  Three days later, the court granted petitioner's motion for temporary restraining order and ordered respondent to "provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)."  ECF No. 10.

On March 2, 2026, petitioner was provided a bond hearing, at which the immigration judge denied bond based on the finding that petitioner is both a danger to the community and a flight risk.  ECF No. 15-2 at 33.  On April 20, 2026, petitioner filed a motion to amend the petition.  ECF No. 15.  On April 28, 2026, respondents filed an opposition.  ECF No. 17.  On the following day, petitioner filed a reply.  ECF No. 18.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner has failed to exhaust his administrative remedies.  Accordingly, his motion to amend should be denied because amendment would be futile, and the petition should be dismissed without prejudice.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner has failed to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

First, it does not appear that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. On the contrary, courts have found that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). The immigration judge ("IJ") provided a written decision, and respondents have lodged an audio recording of the bond hearing; it therefore appears that consideration by the Board of Immigration Appeals ("BIA") is unnecessary to generate a record or for this court to reach a proper decision. *See* ECF No. 15-2 at 33; ECF No. 19. For these reasons, the first *Puga* factor does not weigh in favor of finding exhaustion prudential.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Indeed, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. Petitioner argues that exhausting administrative remedies "would unduly delay relief from ongoing unlawful detention." ECF No. 18 at 3. However, as the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative

4

> processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not demonstrated that the court should waive the exhaustion requirement on the basis that exhausting would delay relief. Petitioner also argues that "a genuine and material change in circumstances" supports waiving the exhaustion requirement. ECF No. 18 at 2. Since his bond hearing, petitioner's criminal charges have been dismissed due to his completion of a judicial diversion program. *Id*. at 5. Petitioner argues that this development "directly undermines the prior findings of dangerousness and materially alters the basis upon which bond was denied." *See id*. at 2. Petitioner, however, provides no authority showing that this change in circumstances excuses the prudential requirement to exhaust. Moreover, at petitioner's bond hearing, the IJ considered the nature of petitioner's criminal charges after petitioner's counsel represented that petitioner was completing a judicial diversion program. *See* ECF No. 19. That petitioner has now completed such a program does not excuse his requirement to exhaust.

It also bears mention that, even after criminal charges are dismissed, an IJ may still consider such charges in determining danger and flight risk. The regulations provide that "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or the Service." 8 C.F.R. § 1003.19(d). Accordingly, the Court of Appeals rejected the "argument that [the petitioner's] due process rights were violated when the IJ admitted his unauthenticated RAP sheet into evidence" because the "Federal Rules of Evidence do not apply strictly in immigration removal proceedings" and "regulations delineating the rules of procedure for bond determinations in immigration court specify that an immigration judge may rely upon any information that is available to the Immigration Judge or that is presented to him or her by the

alien or the Service."[1] *Singh v. Holder*, 638 F.3d 1196, 1209-10 (9th Cir. 2011) (citing 8 C.F.R. § 1003.19(d)), *abrogated on other grounds as recognized* by *Rodriguez*, 53 F.4th 1189.

The Board of Immigration Appeals similarly has held that "[w]hen an alien's conduct results in his having had contact with the criminal justice system or being placed in criminal proceedings, the nature of those contacts and the stage to which those proceedings have progressed should be taken into account and weighed accordingly." *Matter of Thomas*, 21 I. & N. Dec. 20, 24 (BIA 1995). District courts have found that dismissed charges "are deemed relevant evidence regarding a determination of the potential danger [the petitioner] poses to the community." *See Flores-Delgado v. Lynch*, No. 15-cv-1273-PHX-JAT, 2016 WL 2865872, at *7 (D. Ariz. May 17, 2016) (citing *Alarcon-Serrano v. I.N.S.*, 220 F.3d 1116, 1119 (9th Cir. 2000)).

Accordingly, because petitioner does not demonstrate that the exhaustion requirement should be waived, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same). Similarly, petitioner's motion to amend should be denied because amendment would be futile in light of petitioner's failure to exhaust. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Lastly, the Court of Appeals' decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011), is persuasive. In that case, after the petitioner filed a habeas petition, the court ordered that petitioner be afforded a *Casas-Castrillon* hearing.[2] *Id*. at 1159. The petitioner was provided a

---

[1] Elsewhere, the Court of Appeals has held that "[t]he fact of arrest, insofar as it bears upon whether an alien might have engaged in underlying conduct" is relevant in determining whether a noncitizen is entitled to discretionary relief from deportation. *Paredes-Urrestarazu v. I.N.S.*, 36 F.3d 801, 810 (9th Cir. 1994). Additionally, the Court of Appeals cited with approval another circuit's holding that "[e]vidence of an alien's conduct, without a conviction, may be considered in denying the discretionary relief of voluntary departure." *See Villanueva-Franco v. I.N.S.*, 802 F.2d 327, 330 (9th Cir. 1986) (citing *Parcham v. I.N.S.*, 769 F.2d 1001, 1005 (4th Cir. 1985)).

[2] A *Casas-Castrillon* hearing was afforded to a noncitizen detained under 8 U.S.C. § 1226(c) and whose "immigration case reaches judicial review" such that their detention is then governed under 8 U.S.C. § 1226(a), which provides for a bond hearing. *Avilez v. Garland*, 69

hearing, at which the IJ denied bond based on the finding that the petitioner "posed a danger to the community." *Id*. "Rather than appealing the IJ's adverse bond determination to the BIA, [the petitioner] filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order." *Id*. The Court of Appeals held that "[t]his short cut was improper" and that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id*. at 1160.  The court further held that "[o]nce the BIA rendered its decision, [the petitioner] could have properly pursued habeas relief in the district court." *Id*.  Accordingly, the court remanded the case with instructions for the district court to dismiss the petition without prejudice.  *Id*. at 1161.

Here, as in *Leonardo*, the court ordered a bond hearing, petitioner was denied bond at that hearing, and petitioner has sought judicial review before exhausting administrative remedies. Given these core similarities, the Court of Appeals' reasoning from *Leonardo* is persuasive; petitioner's "short cut was improper" and he must exhaust administrative remedies—i.e., wait until the BIA issues its decision on his appeal—before seeking habeas relief.  *See id.* at 1160. Accordingly, as in *Leonardo*, the petition should be dismissed without prejudice.  *See id.* at 1161.

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

2.  Petitioner's motion to amend, ECF No. 15, be DENIED.

3.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

---

F.4th 525, 528 (9th Cir. 2023) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)).  The Court of Appeals has since overturned *Casas-Castrillon*, holding that section 1226(c) "authorizes detention during the judicial review phase of removal proceedings." *Id*. at 537.  While *Casas-Castrillon* is no longer good law, and the hearing in the present action is distinct, *Leonardo* is nonetheless instructive.

7

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    May 14, 2026        _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE